IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ARIELLE HARDY,<br><br>                 Plaintiff,<br>v.<br><br>D&D MANAGEMENT 2, LLC, d/b/a ELEVATED COATINGS,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 1:24-cv-00066-TS-JCB<br><br>Judge Ted. Stewart<br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on Defendant D&D Management 2, LLC d/b/a Elevated Coatings' ("Elevated") Motion to Dismiss.[1] As discussed below, the Court will grant the Motion in part, but will allow Plaintiff, Arielle Hardy, an opportunity to amend the Complaint.

I. BACKGROUND

Plaintiff sues Elevated for alleged violations of Title VII of the Civil Rights Act of 1964,[2] the Americans with Disabilities Act ("ADA"),[3] and the Utah Antidiscrimination Act ("UADA").[4]

The facts alleged in the Complaint are as follows. In April 2021, Elevated hired Ms. Hardy as its Chief Financial Officer ("CFO").[5] Elevated is in the business of installing and

---

[1] Docket No. 9.

[2] 42 U.S.C. §§ 2000e et seq.

[3] 42 U.S.C. §§ 12111 et seq.

[4] Utah Code Ann. § 34A-5-101 et seq.

[5] Docket No. 2 ¶ 10.

servicing epoxy coating for commercial properties.[6] Elevated is owned by Drake Myers, Devin Myers, and Bracken Ricketts.[7] While employed as CFO, Plaintiff was responsible for bookkeeping, cash-flow tasks, financial reports, payroll, accounts receivable and payable, tax reporting, HR, and scheduling.[8] Plaintiff alleges that during her time at Elevated she was subjected to sexual harassment and increasingly excluded from business activities by the owners of the company.

In October 2022, Plaintiff submitted her resignation.[9] Plaintiff alleges that although she resigned, she was constructively terminated as a result of the owners' actions and her treatment at Elevated.[10] After submitting her resignation, Plaintiff filed a charge of discrimination with the Utah Labor Commission Antidiscrimination and Labor Division (the "Division") alleging discrimination based on sex, disability, and retaliation.[11]

On November 29, 2023, the Division issued a Determination and Order concluding that Plaintiff failed to establish a prima facie case of discrimination based on sex, disability, harassment, or retaliation.[12] Subsequently, Plaintiff filed suit in this Court. Plaintiff asserts claims under federal and state law alleging (1) Discrimination based on sex; (2) Discrimination based on disability; (3) Retaliation; (4) Wrongful Termination; (5) Hostile Work Environment; (6) Intentional or Tortious Interference with Economic Relations; and (7) Punitive Damages.

---

[6] *Id.* ¶ 14.
[7] *Id.* ¶ 13.
[8] *Id.* ¶ 15.
[9] *Id.* ¶ 39.
[10] *Id.* ¶ 12.
[11] Docket No. 9-1, at 1.
[12] Docket No. 14 Ex. B.

## II. ANALYSIS

A. Timeliness and Exhaustion of Administrative Remedies

Defendant argues that the Court should "dismiss" or exclude certain allegations in the Complaint as untimely and for failure to exhaust administrative remedies.[13]

The first allegation Defendant seeks to exclude as untimely is an allegation regarding a statement made in summer 2021.[14] Claims arising under Title VII must be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days or with the Division within 300 days of the alleged unlawful employment practice or discriminatory act.[15] However, regarding hostile work environment claims, the Supreme Court has made clear that as long as "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for purposes of determining liability."[16] Therefore, although the summer 2021 statement falls outside of the 300-day time period, the Court will consider the comment because it contributes to Plaintiff's hostile work environment claim.

Defendant next argues that Plaintiff failed to include the allegation that she was the only employee that did not receive a raise in her original charge and therefore, the allegation should be dismissed for failure to exhaust administrative remedies.[17] Plaintiff responds that she raised

---

[13] Docket No. 9, at 3.

[14] *Id.*

[15] 42 U.S.C. § 2000e-5(e)(1); *see Valdez v. Tyco Integrated Sec. LLC*, No. 2:16-cv-00016-DN, 2019 WL 267469, at *16 (D. Utah Jan. 18, 2019).

[16] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

[17] Docket No. 9, at 3.

this allegation in her original charge by stating that when her assistant was fired she was forced to work "65+ hours per week without a pay increase."[18] The Court does not find these allegations to be the same and will exclude this allegation for failure to exhaust.

Lastly, Defendant seeks to exclude allegations in the Complaint that occurred after Plaintiff filed her charge on November 28, 2022. Defendant argues that these allegations should have been added via amendment to her charge and therefore, Plaintiff failed to exhaust her administrative remedies as to these facts.[19] Plaintiff responds that the Division received "several updates amending th[e] charge regarding ongoing hostility and retaliation during its investigation"[20] The Division also addressed these allegations in its Order.[21] The Court agrees with Plaintiff. Regardless of how the allegations were added to the charge, the Division and Defendant were aware of the allegations occurring after the original filing on November 28, 2022 and the Division addressed them in its Order.[22] The Court will therefore consider these allegations below.

B. Jurisdiction

Defendant first argues that any claims filed under the UADA should be dismissed because the statute only provides an administrative remedy. The Court agrees. "The Utah Supreme Court has held that an individual does not have a private right of action for violations of the UADA."[23] The "exclusive remedy" for a claim under the UADA is an appeal to the

---

[18] Docket No. 14, at 2, 19.

[19] Docket No. 9, at 3.

[20] Docket No. 14, at 2; *see also id.* at Ex. B.

[21] *Id.* at 25–26.

[22] *Id.* Ex. B.

[23] *Giddings v. Utah Transit Auth.*, 107 F. Supp. 3d 1205, 1209 (D. Utah 2015) (citing *Buckner v. Kennard*, 2004 UT 78, ¶ 37, 99 P.3d 842).

Division.[24] Therefore, the Court will dismiss the claims brought under the UADA. However, the claims filed under the UADA are also filed under Title VII. The Court retains jurisdiction over the Title VII claims under federal question jurisdiction and will not dismiss those claims on the basis of jurisdiction.

Next, Defendant argues that the Court does not have jurisdiction over the retaliation claim for reporting asbestos on a jobsite.[25] Defendant asserts that under the Utah Occupational Safety and Health Act (the "Safety and Health Act"),[26] Plaintiff failed to follow the correct procedures to assert a claim for retaliation for reporting asbestos at a worksite. However, Plaintiff does not assert her retaliation claim under the Safety and Health Act or the federal equivalent, she asserts the claim for retaliation under Title VII. As such, the Court will not address Defendant's "jurisdictional" argument,[27] and will not dismiss the retaliation claim on the basis of jurisdiction or failure to exhaust.

C. 12(b)(6)

Defendant asserts that the Court should dismiss all claims in the Complaint for failure to state a claim under Rule 12(b)(6). When evaluating a complaint under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[28] The

---

[24] *Wilkerson v. Duchesne Cnty. Sch. Dist.*, No. 2:20-cv-00099-BSJ, 2020 WL 13032908, at *1 (D. Utah July 7, 2020) (citing *Buckner*, 2004 UT 78, ¶ 37); *see also* Utah Code Ann. § 34A-5-107.

[25] Docket No. 9, at 4.

[26] Utah Code Ann. §§ 34A-6-101 *et seq.*

[27] *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019) (concluding that "Title VII's charge filing requirement, is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.").

[28] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[29] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[30] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[31]

The Court will first address Plaintiff's federal claims before turning to her state law claims.

1. Discrimination Based on Sex

Title VII prohibits an employer from discriminating against any individual "because of such individual's . . . sex."[32] Under Title VII, a plaintiff may "prove discrimination in several different ways, including proof of hostile work environment or disparate treatment."[33] In her Complaint, Plaintiff pleads both hostile work environment and disparate treatment discrimination claims. The Court will address the disparate treatment claim here, and Plaintiff's hostile work environment claim in a separate section below.

"In determining whether a Title VII disparate treatment claim is plausibly alleged, [the court] do[es] not require [the] plaintiff[] to establish a prima facie case."[34] However, "[w]hile the 12(b)(6) standard does not require that [the] [p]laintiff establish a prima facie case . . . , the

---

[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[31] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[32] 42 U.S.C. § 2000e-2(a)(1).

[33] *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021).

[34] *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020).

6

elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim."[35]

A prima facie case of disparate treatment discrimination requires a plaintiff to show (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.[36]

Plaintiff adequately pleads membership in a protected class as a female. Next, adverse action is "conduct that significantly changes employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or as decision causing a significant change in benefits."[37] The Complaint states that "Elevated discriminated against Ms. Hardy when they forced her to resign from her employment due to mistreatment, constituting a wrongful constructive termination."[38] "When a plaintiff resigns, [they] may establish the adverse action element by showing that [they were] constructively discharged."[39] As such, the Complaint adequately pleads adverse action.

The Complaint must also "include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation.'"[40] To do so, the complaint must "allege some set of facts—not just legal

---

[35] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Frappied*, 966 F.3d at 1050.

[36] *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (citing *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 (10th Cir. 2005)).

[37] *Wilson v. Harvey*, 156 F. App'x 55, 58 (10th Cir. 2005) (quoting *Orr v. City of Albuquerque*, 417 F.3d 1144, 1150 (10th Cir. 2005)).

[38] Docket No. 2 ¶ 65.

[39] *Lara v. Unified Sch. Dist. #501*, 350 F. App'x 280, 283 (10th Cir. 2009) (citing *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 980 (10th Cir. 2008)).

[40] *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) (quoting *Khalik*, 671 F.3d at 1194).

conclusions—that taken together plausibly suggest differential treatment of similarly situated employees."[41]

Here, the Complaint alleges that Elevated treated Plaintiff in "a disparate manner from her male peers."[42] The Complaint states the following facts to support this: Plaintiff was only the female member of the "ownership;"[43] in April 2022, she was originally excluded from an "ownership" business trip as the only woman on the team;[44] later, when she voiced her concern with this exclusion, she was invited on the trip but excluded from the "business functions" of the trip with the other male "ownership" members;[45] between May and October 2022, Bracken and Drake's behavior became increasingly hostile towards Plaintiff;[46] during the course of her career, she was treated different than the other members of "ownership" in regards to time off;[47] and during the course of her career, until she resigned, she was she subjected to "sexual comments, videos, pictures, and in-person sexual behavior that was persistent."[48]

Viewing these allegations in conjunction with Plaintiff's allegations about being iced out of the business, in the light most favorable to the non-moving party, the Court finds that the allegations are sufficient to state a plausible claim for discrimination based on sex. Accordingly, the Court will deny the Motion as to this claim.

---

[41] *Id.* at 1275 (internal quotation marks and citation omitted).

[42] Docket No. 2 ¶ 66.

[43] *Id.* ¶ 22.

[44] *Id.*

[45] *Id.*

[46] *Id.* ¶ 24.

[47] *Id.* ¶ 28.

[48] *Id.* ¶ 31; *see id.* ¶ 32.

2. Discrimination Based on Disability- Failure to Accommodate

To state a prima facie case for failure to accommodate under the ADA, a plaintiff must show "(1) she was disabled, (2) she was otherwise qualified, (3) she requested a plausibly reasonable accommodation, and (4) the [employer] refused to accommodate her disability."[49] As above, a prima facie case, "is an evidentiary standard, not a pleading requirement."[50] The Court therefore, will use these elements to aid its determination as to whether Plaintiff has stated a plausible claim under the ADA.

The term disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual."[51] The Complaint alleges that Plaintiff had a disability due to a medical condition for which she received surgery.[52]

Defendant argues that Plaintiff fails to plead a disability. To support its argument, Defendant cites to two Tenth Circuit cases in which the court concluded that the plaintiff failed to demonstrate a disability under a summary judgment standard.[53] The Court does not find these examples particularly instructive in this Motion to Dismiss. The Court finds that the Complaint sufficiently pleads a disability. However, in light of the Court's conclusion below, Plaintiff should enhance and add additional facts to support her disability.

---

[49] *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020); *see also Spielman v. Blue Cross & Blue Shield of Kan., Inc.*, 33 F. App'x 439, 443 (10th Cir. 2002) (citation omitted).

[50] *Swierkiewicz*, 534 U.S. at 510.

[51] 42 U.S.C. § 12102(1)(A).

[52] Docket No. 2 ¶ 71. Count 1 states the claim is "Intentional Discrimination and Disparate Treatment," however intentional discrimination is disparate treatment in Title VII cases. *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (explaining that Title VII prohibits both intentional discrimination (known as "disparate treatment") and practices not intended to discriminate but that have a disproportionate adverse effect on minorities (known as "disparate impact")).

[53] Docket No. 9, at 16 (citing *Skerce v. Torgeson Elec. Co.*, 852 F. App'x 357 (10th Cir. 2021)*; Neri v. Bd. of Educ. for Albuquerque Pub. Schs.*, 860 F. App'x 556 (10th Cir. 2021)).

The Complaint pleads that Defendant refused to provide a reasonable accommodation by providing a reasonable amount of leave to recover from surgery.[54] However, the Complaint fails to plead facts to support that Plaintiff was otherwise qualified, requested a plausible accommodation, and triggered the interactive process with Defendant. For these reasons, the Complaint fails to state a plausible claim for failure to accommodate and the Court will grant the Motion as to this claim. However, it appears possible that Plaintiff could state a plausible claim for failure to accommodate. Accordingly, the Court will allow Plaintiff leave to amend her Complaint as to this claim within thirty days of this Order.

3. Retaliation

The elements of a prima facie case of retaliation under Title VII are "(1) [the plaintiff] engaged in protected opposition to discrimination; (2) [the plaintiff] suffered a materially adverse employment action; and (3) there is a causal nexus between her opposition and the employer's adverse action."[55] Again, as above "[t]o survive a motion to dismiss, a plaintiff does not have to establish a prima facie case of retaliation in [their] complaint, but 'the elements of each alleged cause of action help to determine whether the plaintiff has set forth a plausible claim.'"[56]

The Complaint alleges that Plaintiff engaged in protected conduct when she made a report about asbestos on a worksite to the State of Utah Environmental Department, stood up against sexual harassment and other discrimination in the workplace, and when she filed her charge with the Utah Labor Commission.[57] Plaintiff offers no factual or legal enhancement to

---

[54] Docket No. 2 ¶ 72.

[55] *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006); *see Khalik*, 671 F.3d at 1193.

[56] *Davis v. BAE Sys. Tech. Sols. & Servs. Inc.*, 764 F. App'x 741, 744 (10th Cir. 2019) (quoting *Khalik*, 671 F.3d at 1192) (second alteration in original).

[57] Docket No. 2 ¶¶ 75–78.

support that the report about asbestos is a protected activity.[58] Accordingly, the Complaint fails to state a claim as to this alleged activity and the Court will grant the Motion as to this claim.

Next, the Complaint pleads that Plaintiff engaged in protected activity when "she stood up against sexual harassment and other discrimination in the workplace."[59] However, Plaintiff fails to support this naked assertion. Further, the Complaint fails to specify facts to support Plaintiff's assertion that she "was subjected to materially adverse actions that might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[60] Finally, the Complaint fails to plead facts to support a causal connection between the protected activity and the adverse action. Therefore, the Court will grant the Motion as to this claim. However, as above, it appears possible that Plaintiff can plead a plausible claim for retaliation, accordingly, the Court will allow Plaintiff the opportunity to amend her Complaint within thirty days of this Order.

Lastly, the Complaint pleads that Plaintiff engaged in protected activity by filing her charge with the Division on November 28, 2022. The Complaint however fails to allege a material adverse action that occurred in connection with this protected activity. Plaintiff was no longer employed at Elevated at the time she filed her charge, or between December 2022 through June 2023 when the alleged retaliatory acts occurred. Therefore, the Complaint fails to plead materially adverse action or "conduct that significantly change[d Plaintifff's] employment status, such as hiring, firing, failing to promote, reassignment with significantly different

---

[58] *Tracy v. Vail Resorts, Inc.*, No. 21-4145, 2022 WL 16557393, at *4 (10th Cir. Nov. 1, 2022).

[59] Docket No. 2 ¶ 77.

[60] *Id.* ¶ 80.

responsibilities, or as decision causing a significant change in benefits."[61] Accordingly, the Court will grant the Motion as to this claim and dismiss it with prejudice.

    4. Hostile Work Environment (Sexual Harassment)

A hostile work environment claim is "composed of a series of separate acts that collectively constitute one unlawful employment practice."[62] To assert a prima facie case for hostile work environment under Title VII, a plaintiff must prove that "(1) [the plaintiff] is a member of a protected group; (2) [the plaintiff] was subject to unwelcome harassment; (3) that harassment was based on sex; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment."[63] "Conduct that is overtly sexual may be presumed to be because of the victim's gender."[64]

As above, Plaintiff sufficiently pleads membership in a protected class because she is female. Next, the Complaint asserts that Plaintiff was subjected to unwelcome harassment based on sex. The Complaint alleges the following in support: Bracken's comment in an employee meeting during the summer of 2021 that "Ms. Hardy got to where she is at by sleeping with TJ;"[65] employees posting "explicit content" on the company wide messaging channel and then deleting the messages and making the joke "oops, have to censor, [Plaintiff] is on here," or "I

---

[61] *Wilson*, 156 F. App'x at 58 (quoting *Orr*, 417 F.3d at 1150).

[62] *Morgan*, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)).

[63] *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (quoting *Dick*, 397 F.3d at 1262–63); *see also Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020) ("To sustain a claim of hostile work environment under Title VII, a plaintiff must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment.") (internal quotation marks and citation omitted).

[64] *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998).

[65] Docket No. 2 ¶ 17.

remember when it used to be fun here" when told to stop;[66] that Plaintiff was "barraged" by sexually explicit and suggestive messages on the company channel and group text;[67] and that during her employment, sexual comments, videos, pictures, and in-person sexual behavior was persistent and created a hostile work environment.[68] The Complaint provides examples of some of the messages.[69]

The Complaint also alleges that sexually based statements were made about Plaintiff at a worksite, however, it is not clear when these statements occurred or when Plaintiff learned of them.[70] Plaintiff also pleads that Bracken and Drake's behavior and attitude to her was openly hostile and avoidant.[71]

"When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated."[72] To survive a motion to dismiss, "[a] plaintiff must allege facts showing that the work environment 'is both subjectively and objectively hostile or abusive' under this standard."[73] Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that the alleged

---

[66] *Id.* ¶ 31.

[67] *Id.*

[68] *Id.*

[69] *Id.* ¶ 32.

[70] *Id.* ¶ 64.

[71] *Id.* ¶ 24.

[72] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted).

[73] *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518, 520 (10th Cir. 2017) (quoting *Lounds v. Lincare*, 812 F.3d 1208, 1222 (10th Cir. 2015)) (emphasis omitted).

harassment was pervasive enough to survive dismissal. Plaintiff alleges that she was subjected to a barrage of sexually opprobrious comments.[74]

The Complaint next pleads that the "harassment complained of was sufficiently severe or pervasive so as to alter the terms and conditions of [Plaintiff's] employment, creating a hostile work environment."[75] The Complaint pleads that Plaintiff's physical and mental health was affected by the alleged hostility, including losing her hair, anxiety and panic attacks, diminished sleep, and other issues.[76] It further states that as a result of these issues, she was forced to resign.[77] The Court finds that this is sufficient to plead that the alleged harassment altered the terms and conditions of Plaintiff's employment.

Based on the foregoing discussion, the Court will deny the Motion as to this claim.

5. Wrongful Constructive Termination

Defendant argues that under Utah law, common law remedies for employment discrimination, such as wrongful termination, are preempted under the UADA.[78] Defendant cites to *Gottling v. PR INC.*,[79] in which the Utah Supreme Court reaffirmed that "the UADA preempts all common law causes of action for discrimination, retaliation, or harassment by an employer on the basis of sex . . . or disability."[80] Because the UADA is the "exclusive remedy under state law

---

[74] *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1543 (10th Cir. 1995).

[75] Docket No. 2 ¶ 93.

[76] *Id.* ¶¶ 33–38.

[77] *Id.* ¶ 39.

[78] Docket No. 9, at 20–21.

[79] 2002 UT 95, 61 P.3d 989.

[80] *Id.* ¶ 21; *see Retherford v. AT&T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 961 (Utah 1992).

14

for employment discrimination based upon . . . sex [and] . . . disability,"[81] the Court finds that a claim for wrongful termination based on disability or sex discrimination is preempted by the UADA.[82] Accordingly, the Court will dismiss Plaintiff's wrongful termination claim with prejudice.

    6. Intentional or Tortious Inference with Economic Relations

To plead a claim for tortious interference with economic relations, the complaint must state "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, (3) causing injury to the plaintiff."[83]

Defendant argues that the Complaint fails to plead that Plaintiff had an economic relationship with third parties. The Court disagrees, the Complaint pleads that Plaintiff worked with the third party business contacts through her personal business,[84] this is sufficient to meet the pleading standard.

Defendant also argues that the Complaint fails to plead that Defendant intentionally interfered with Plaintiff's business relations, that Defendant used improper means to do so, and that Defendant's actions caused an injury to Plaintiff.[85] Plaintiff counters that the Complaint

---

[81] Utah Code Ann. § 34A-5-107(15).

[82] *See e.g.*, *Billy v. Edge Homes*, No. 2:19-cv-00058-JNP-EJF, 2020 WL 2572522, at *10 (D. Utah May 21, 2020) (concluding that "the UADA preempt[ed] [the p]laintiff's breach of implied covenant of good faith and fair dealing cause of action because [plaintiff] c[ould] not maintain that claim without alleging that [the d]efendants breached the covenant based on discriminatory retaliation"); *Stewart v. IM Flash Techs., LLC*, No. 2:15CV005552-DS, 2016 WL 1611117, at *4 (D. Utah Apr. 21, 2016) (concluding that "[the p]laintiff's negligent infliction of emotional distress claim is grounded on the same alleged acts of harassment and discriminatory conduct as his employment discrimination claims and is preempted under the Utah Supreme Court's holding in *Gottling*.").

[83] *Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553 (internal quotation marks and citation omitted).

[84] Docket No. 2 ¶ 45.

[85] Docket No. 9, at 24–25.

sufficiently pleads that Defendant interfered with her business relationships with TJ Bingham and other third parties, including by texting disparaging comments about Plaintiff to Mr. Bingham's ex-wife and making other comments damaging her reputation.[86]

Plaintiff fails to address the improper means by which the Defendant interfered with these relationships. "To establish improper means, a plaintiff must show that the defendant's means of interference were contrary to statutory, regulatory, or common law or violated an established standard of a trade or profession."[87] For example, "[a] non-exhaustive list of conduct that may constitute improper means includes 'violence, threats, or other intimation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood[s]."[88] The Complaint includes the conclusory statement that "Elevated did this by improper means."[89] However, this statement is a formulaic recitation and lacks further factual enhancement. Additionally, while Plaintiff pleads that her current and future business relationships were damaged by Defendant's interference,[90] she fails to state facts to support injury. Accordingly, the Complaint fails to state a plausible claim for tortious interference with business relations.

Therefore, the Court will grant the Motion as to this claim. However, it appears possible that Plaintiff could state a plausible claim for tortious interference with economic relations and therefore, the Court will allow the Plaintiff the opportunity to amend her Complaint to state a plausible tortious interference with economic relations claim within thirty days of this Order.

---

[86] Docket No. 14, at 8 (citing Docket No. 2 ¶¶ 26–27, 40–41, 43, 45–50).

[87] *Harvey v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 2017 UT 75, ¶ 71, 416 P.3d 410 (internal quotation marks and citation omitted) (second alteration in original).

[88] *Top Quality Sys., Inc. v. Universal Synaptics Corp.*, 679 F. Supp. 3d 1196, 1217 (D. Utah 2023) (internal quotation marks and citation omitted).

[89] Docket No. 2 ¶ 102.

[90] *Id.* ¶ 101.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED IN PART;

It is further

ORDERED that Plaintiff has thirty-days from this Order to file an amended Complaint as discussed herein.

DATED December 20th, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge